UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **JERRY MERRITT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| **TEXAS FARM BUREAU, TEXAS FARM** | § | |
| **BUREAU BUSINESS CORPORATION,** | § | |
| **TEXAS FARM BUREAU CASUALTY** | § | CIVIL NO. W-19-CV-00679-DTG |
| **INSURANCE COMPANY, TEXAS** | § | |
| **FARM BUREAU MUTUAL** | § | |
| **INSURANCE COMPANY, TEXAS** | § | |
| **FARM BUREAU UNDERWRITERS,** | § | |
| **FARM BUREAU COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY OF TEXAS,** | § | |
| **SOUTHERN FARM BUREAU LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendants.** | | |

### ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S INDEPENDENT CONTRACTOR STATUS (ECF NO. 103) AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON <u>EMPLOYEE STATUS (ECF NO. 108)</u>

This case arises from Plaintiff's engagement with Defendants as an Agency Manager. ECF No. 103 at 7.[1] Plaintiff contends that he was an employee under the Fair Labor Standards Act and therefore entitled to overtime pay that he never received. *See* ECF No. 1.

On January 1, 2023, Defendants jointly moved for summary judgment on Plaintiff's status as an independent contractor. ECF No. 103. Plaintiff responded on February 16, 2023, and

---

[1] References to page numbers are to the numbers in the CM/ECF header of the referenced document and not to the physical page of the document.

Defendants filed a reply on March 6, 2023. ECF Nos. 125 & 148, respectively. On April 26, 2023, this Court conducted a hearing on Defendants' motion and took it under advisement.

Around the same time, Plaintiff also moved for summary judgment on his status as an employee rather than an independent contractor. ECF No. 108. Defendants responded to that motion on February 15, 2023, and Plaintiff filed a reply on March 8, 2023. ECF Nos. 123 & 150, respectively. That motion was also heard on April 26, 2023, and taken under advisement.

After a careful review of the law, evidence, and arguments of counsel, this Court hereby **DENIES** Defendants' Motion (ECF No. 103) and **GRANTS** Plaintiff's Motion (ECF No. 108) for the following reasons.

## I.  LEGAL STANDARD

The summary judgement standard is well known. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(A). A "material" fact is a fact that "might affect the outcome of the suit under the governing law." *Thomas v. Empire Indem. Ins. Co.*, 206 F. App'x. 397, 399 (5th Cir. 2006). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Taylor*, 45 F.4th 833, 837 (5th Cir. 2022) (quoting *Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019)). A dispute is not genuine if the trier of fact could not, after an examination of the record, find for the nonmoving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 578 (1986).

A summary judgment motion, such as this, follows a burden-shifting framework. The moving party bears the initial burden of demonstrating that no genuine dispute of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be satisfied either by producing evidence that negates a material fact or pointing to the absence of evidence in support

of a material element of the nonmovant's claim. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991). And in viewing the evidence, the Court must consider all factual inferences in a light most favorable to the party opposing summary judgment. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014).

For FLSA actions, whether a worker is an employee is a question of law. *Faludi v. U.S. Shale Sol'ns, L.L.C.*, 950 F3d 269, 273 (5th Cir. 2020); *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 377 (5th Cir. 2019); ECF 40 at 6. It is "a legal conclusion based on factual inferences drawn from historical facts." *Parrish*, 917 F.3d at 378 (citing *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1045 (5th Cir. 1987)). As such, it is subject to *de novo* review on appeal. *Id*.

## II. DISCUSSION

There are two initial matters for the Court to address. The first is whether to allow and consider the specific depositions taken in the *Ferguson* case. ECF No. 123 at 9, n.4. Defendants object under Rule 56(c)(2) of the Federal Rules of Civil Procedure to six specific witness depositions—Steve Hartgrove, Mark Katzfey, John Parum, Jon Sharp, Chris Whitney, and Shane Jensen. *Id*. The second is whether Plaintiff's affidavit filed in the *Ferguson* creates a fact question regarding Plaintiff's independent contractor status. Whether Plaintiff's prior affidavit creates a fact question was not argued in the briefing but was argued at the hearing. The Court addresses both issues before evaluating the merits of the competing motions.

Defendants' objection to Plaintiff's reliance on the depositions is overruled. Defendants objected to the use of six depositions under Rule 56(c)(2). ECF No. 123 at 9, n.4. The objected to depositions are those of Steve Hartgrove (Ex. 10), Mark Katzfey (Ex. 11), John Parum (Ex. 9), Jon Sharp (Ex. 7), Chris Whitney (Ex. 6), and Shane Jensen (Ex. 12). Defendants also identify

specifically where Plaintiff relies on these depositions. *See* ECF No. 123 at 9, n.4. Defendants complain that these depositions were not taken in this case and the deponents did not have personal knowledge of the facts of this case. *Id*. As Rule 56(c)(2) only requires the cited material in support of a fact to be admissible evidence, Defendants objections are mis-placed. The cited evidence is all sworn deposition testimony, which may be admissible at trial under the Federal Rules of Evidence, and no questions has been raised about the quality or taking of the deposition. *See generally* Fed. R. Evid. Rule 804(b)(1). The only other issue raised by Defendants regarding these depositions is the witnesses' alleged lack of personal knowledge regarding Plaintiff Merritt. ECF No. 123 at 9, n.4. Such an objection goes to the weight of the testimony and rather than its admissibility. As such, Defendants' objections to the cited deposition testimony are overruled.

      Plaintiff's prior affidavit also fails to create a fact dispute that prevents this Court from deciding these motions. As noted above, both parties moved for summary judgement. *See* ECF Nos. 103 & 108. Defendants contended that the undisputed facts supported summary judgement in their favor. ECF No. 103 at 15. Plaintiff similarly sought summary judgment contending that there were no disputed underlying facts. *See* ECF No. 108. Throughout the briefing, neither party identified any factual disputes that would preclude summary judgment. Rather, they contested the legal effect of the undisputed facts. At the hearing on both motions, however, Defendants claimed generally that an affidavit signed by Plaintiff created a fact question, but they failed to identify any specific factual statement in that affidavit that created an alleged dispute or fact question. The only statement in the affidavit that Defendants identified as potentially raising a fact issue is Plaintiff's statement that he "agreed and intended to operate as an independent contractor." ECF No. 103 at 7 n.2 (Defendants' Exhibit 9). A review of the affidavit fails to

demonstrate any disputed facts as every factual statement raised in it is addressed by the parties briefing—and does not appear to be in dispute. As previously noted by this Court, however, a party's intent is not a factor considered in determining employee status under the FLSA. *See* ECF No. 40 at 8 (citing *Hopkins v. Cornerstone America*, 545 F.3d 338, 343 (5th Cir. 2008)). As such, Plaintiff's prior affidavit and its statement of intent does not create a fact question that prevents granting summary judgment. *See Hopkins*, 545 F.3d at 347 (noting that it is clearly possible to be an employee under the FLSA even if one actually believes they are an independent contractor.).

The parties dispute the effect of this Court's decision in *Ferguson*. Plaintiff contends that the *Ferguson* decision should apply equally to this case. ECF No. 125 at 2 ("The salient facts about Merritt's working conditions are identical to the Agency Managers in *Ferguson*. Nothing about his experience warrants departing from this Court's earlier holding."); ECF No. 108 at 2. Defendants, unsurprisingly, argue that, "*Ferguson* is also not controlling because the economic realities test is fact-dependent and case-specific." ECF No. 148 at 6. Defendants also note that a motion for reconsideration is pending in *Ferguson*—though this Court has since orally denied that motion and will issue a written order to that effect. *Id*. at n.4; *See Ferguson v. Tex. Farm Bureau Bus. Corp., et al.*, No. 6:17-cv-00111, ECF No. 433 (W.D. Tex. Mar. 15, 2023).

This Court's opinion in *Ferguson* is not *res judicata* or law of the case, but it is extremely persuasive authority. Plaintiff was not a party to the *Ferguson* case, and as indicated, he filed an affidavit in that case stating that he "agreed and intended to operate as an independent contractor." ECF No. 103 at 7 n.2. Aside from the affidavit, however, the facts at issue in this case and the *Ferguson* case are extremely similar—if not identical. While Defendants contend that *Ferguson* is different, they fail to cite any factual distinctions between the present case and the facts in *Ferguson*. *See* ECF No. 123 at 13; ECF No. 148 at 6. The opinion in *Ferguson*

addresses the same cases and authority raised in the parties' briefing, with the exception of *Yoder v. Florida Farm Bureau*, Case No. 22-11135, 2023 WL 3151107 (11th Cir. 2023). Thus, this Court considers the decision in *Ferguson* to be extremely persuasive authority though not binding.

For the reasons that follow, this Court holds that when the underlying facts are viewed in light of *Hopkins* and this Court's prior holding in *Ferguson*, Plaintiff is an employee under the FLSA.

### A. The Economic Realities Test.

Resolution of whether Plaintiff is an employee under the FLSA requires evaluation of the economic realities test and its factors. While these factors are non-exclusive and no one factor is determinative, they are as follows: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the alleged employee and employer; (3) the degree to which the alleged employee's opportunity for profit and loss is determined by the employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Hobbs v. Petroplex Pipe and Construction, Incorporated*, 946 F.3d 824 (2020); *Parrish*, 917 F.3d at 379 (5th Cir. 2019); *Hopkins*, 545 F.3d at 343; *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1043 (5th Cir. 1987); *Ferguson*, 2021 WL 2349340 at *3. This list is not exclusive and recently, the Fifth Circuit has included whether the alleged employee's work is an "integral part" of the overall business among the factors considered. *Hobbs*, 946 F.3d at 836. Finally, none of the factors alone are determinative but are instead tools used to gauge the alleged employee's economic dependence. *Id.* at 829. We thus turn to the evaluation of these factors.

### 1. The Degree of Control Exercised by Defendants Favors Employee Status.

Defendants point to several facts of Plaintiff's day-to-day operations they contend demonstrate independent contractor status. Among other things, Plaintiff had "complete control over his schedule," "virtually complete control over recruiting new agents," and "near-complete control over the manner and method of his advertising and marketing efforts." ECF No. 103 at 17 (citing Merritt Dep. at 270-72, 284-87; Brown Decl. ¶ 29), 23 (citing Brown Decl. ¶ 24; Hurt Decl. ¶ 6; Merritt Dep. at 171-73, 275-76). Defendants point to the fact that Plaintiff could hire, fire, and set hours and time-off for support staff. *Id*. at 18 (citing Garcia Decl. ¶ 9). Defendants claim that any control Defendants exercised over these things was done as a requirement of insurance industry regulations. *Id*. at 21-22.

Plaintiff points to facts concerning higher-level operations that he contends demonstrate his employee status. For example, while Plaintiff does not dispute that he could recruit new agents, he points out the control Defendants had ultimate control over whether those agents could be hired or promoted—and in some instances whether he could recruit them in the first place. ECF No. 125 at 5-6. For example, to be hired as an agent, Defendants require a satisfactory credit score and personality test. ECF No. 125 at 5, n.28 (citing Ex. 30, at 84; Ex. 5, at 16-17; Ex. 8, at 28-29; 44-46, 141-42; Ex. 9, at 141-42; Ex. 6, at 47-48; Ex. 11, at 91-92; Ex. 47; Ex. 14, at 91; Ex. 22. Ex. 34, at 34-35). Defendants are the ones that ultimately contract with agents and determines what office an agency manager and agents work out of. *Id*. at 11 n.72, 12 n.82. Plaintiff further points to the uncontested facts that Defendants controlled how and where Plaintiff advertised. ECF 125 at 6-7. Plaintiff points to the fact that he was a captive agent and could only sell approved products for which Defendants determined the price. *Id*. at 7-8. Defendants also owned the accounts that determined Plaintiff's commission and set the rates for Plaintiff's bonus and commissions. *Id*. at 9-10. In summary, while Plaintiff admits he had control

over lower-level day-to-day operations, he contends that higher-level decisions were subject to Defendants' control.

As with *Ferguson* and *Hopkins*, this Court finds this factor weighs in favor of Plaintiff being an employee under the FLSA. The type of control Plaintiff exercised falls within that sort of control over minor tasks that do not show true independence. *Ferguson*, 2021 WL 2349340, at *3 (citing *Mr. W Fireworks*, 814 F.2d at 1049 and *Hopkins*, 545 F.3d at 342). Defendants controlled what insurance Plaintiff could sell, approved the advertisements Plaintiff used, and approved the agents Plaintiff hired. Importantly, Defendants owned the accounts, the insurance contracts, and the book of business, and set the rates for bonuses and commissions. ECF No. 125 at 9-10 ns.59-61. This control of the higher-level operations and financials—i.e., meaningful aspects—of the business weigh in favor of Plaintiff being an employee. *Id.* at *4 (citing *Hopkins*, 545 F.3d at 342-44).

### 2. The Relative Investment of Plaintiff Compared to Defendants' Favors Employee Status.

The relative investment in the business supports a finding of employee status. Defendants point to the hundreds of thousands of dollars that Plaintiff invested in the agency to buy his predecessor's book of business and for rent, staff, advertising, and other expenses. ECF No. 103 at 27-28. Plaintiff does not contest that he spent significant amounts of money to support his individual agency. Rather, he points to the significant amount Defendants invested in operating an insurance business including its corporate offices, paying their Sales Department managers, paying underwriters to review applications, investing in adjuster, and many other aspects of operating an insurance company. ECF 125 at 13-16. Plaintiff details the tens and hundreds of millions of dollars Defendants spent on expenses, admitted employees, and agents. ECF No. 108 at 25-26 ns.170-177 (Ex. 4 at 165-166; Ex. 2 ¶ 24; Ex. 20; Ex. 25 at 2, 12; Ex. 26 at 2, 4, 6, 8, 10,

12; Ex. 26 at 2. These are similar to the facts that lead *Ferguson* in light of *Hopkins* to find managing agents are employees under the FLSA. *Hopkins*, 545 F.3d at 344 ("Here, it is clear that Cornerstone's investment—including maintaining corporate offices, printing brochures and contracts, providing accounting services, and developing and underwriting insurance products—outweighs the personal investment of any one Sales Leader."); *Ferguson*, 2021 WL 2349340 at *5.[2]

### 3. Plaintiff's Opportunity for Profit or Loss Favors Employee Status.

Defendants determined the degree of Plaintiff's opportunity for profit or loss. Defendants did not specifically address this factor in their opening brief but responded to Plaintiff in their reply. *Compare* ECF 103 at 27-28 *with* ECF 148 at 10-11. Defendants reframe this factor as whether "an independent contractor exclusive to the Companies has a relatively greater opportunity for profit than an employee." ECF 148 at 10. Defendants point to the fact that Plaintiff could generate his own sales leads and that his commissions were uncapped. *Id*. at 11. Defendants also point to the same control and investment facts that they cite for other factors—i.e., Plaintiff's capital investment, management of his operating expenses, time, and agents. *Id*. Plaintiff contends that Defendants effectively controlled the major determinants of Plaintiff's profit or loss. Plaintiff points out that among the other evidence of control by Defendants, they also "controlled the commission rates, the premiums, and what policies are available for sale, and which are issued and renewed." ECF 125 at 17. This again boils down to a dispute over whether day-to-day facts or higher-level facts determine the outcome of this factor. This Court

---

[2] Defendants contend Plaintiff is not using a proper comparison. ECF No. 148 at 12-13. This Court believes Plaintiff has, however, cited undisputed facts that explain the operation of Defendants' business such that the overall comparison is the proper approach under existing law. *See* ECF 108 at 3-9; *Parrish*, 917 F.3d at 383; *Hopkins*, 545 F.3d at 342.

finds that under *Hopkins* and *Ferguson*, this factor favors employee status. *See Hopkins*, 545 F.3d at 344; *Ferguson*, 2021 WL 2349340 at *5.

      **4.**      **The Skill and Initiative of Plaintiff Demonstrates Weighs in Favor of an Employee Relationship**

The parties focus on different aspects of Plaintiff's business when evaluating the skill factor. Defendants point to Plaintiff's license with the Texas Department of Insurance that allowed him to sell insurance and that included annual continuing education requirements. ECF 103 at 29. Defendants also point to Plaintiff's knowledge of property, casualty, and life insurance products as well as his knowledge of insurance underwriting and regulation. *Id*. Plaintiff alternatively points out that he did not need any a license or specific degree to operate as a managing agent. ECF 125 at 21. Rather, he contends that he only needed to work for Defendants as an agent before being elevated to agency manager where he applied general management skills under Defendants' supervision. *Id*.

The effect of the skill factor was evaluated and determined in *Ferguson*. This Court held that this factor favored a finding of employee status. *Ferguson*, 2021 WL 2349340, at *6-7. Similarly, these are the type of general managerial skills that *Hopkins* found favored employee status. *Hopkins*, 545 F.3d at 345 (holding that "All major components open to initiative— advertising, pricing, and most importantly the choice of [insurance-policy providers] with which to deal—are controlled by [Cornerstone].") (citing *Brock v. Mr. W Fireworks*, 814 F.2d 1042, 1053 (5th Cir. 1987). As in those cases, this Court finds this factor also favors employee status.

This Court does not find the decision in *Yoder v. Florida Farm Bureau Casualty Insurance Company*, persuasive on this point for two reasons. Case No. 1:19-cv-70-AW-GRJ, 2022 WL 1055184 (N.D. Fla. Mar. 9, 2022), affirmed *Yoder v. Florida Farm Bureau, et al.*, No. 22-11135, 2023 WL 3151107 (11th Cir. Apr. 28, 2023). First, that case dealt with the law of the

Eleventh Circuit, not the Fifth Circuit. As such, it is not binding authority on this Court. Second, the Eleventh Circuit applies slightly different factors that include "the alleged employee's opportunity for profit or loss depending upon his *managerial skill*" and "whether the service rendered requires a special skill." *Id*. at *1 (emphasis added). Thus, in addition to specifically evaluating managerial skill as required by the Eleventh Circuit, the *Yoder* court found the insurance agents' licensure to point "toward contractor status, albeit not particularly strongly." *Id*. at *8. This Court reaches a different conclusion based on binding precedent in *Hopkins* which found facts similar to those at issue in this case—common managerial skills and pricing and choice of insurance to sell—to weigh strongly in favor of employee status. *Hopkins*, 545 F.3d at 345.

      **5.**      **Whether Permanency of the Relationship Demonstrates an Employee Relationship under the FLSA.**

The undisputed facts also tip this factor in favor of employee status. Defendants contend that the relationship was not permanent. They also point out that under his contract, Plaintiff was free to terminate the contract "take his considerable talents elsewhere." ECF No. 103 at 30. They point out that Plaintiff was free to engage in other businesses, which he did in the form of his side rental home business. ECF 103 at 30 (*See* Brown Decl. ¶ 21; Garcia Dec. ¶ 8 (discussing how Plaintiff owned and operated rental homes). Plaintiff on the other focuses on the undisputed facts that he worked exclusively for Defendants—i.e., was captive—managed and trained only Defendants' agents, and had a non-compete agreement if he left. ECF No. 108 at 33-34 ns.232-239; ECF No. 125 at 23. Under both the *Ferguson* and *Hobbs* cases, this favors Plaintiff's status as an employee. *See Ferguson*, 2021 W: 2349340 at *7; *see also Hobbs*, 946 F.3d at 834–35. Notably, the *Yoder* case cited by Defendants found a similar permanency factor favored employee status for similar plaintiffs. *See Yoder*, at *8 ("Plaintiffs argue this factor weighs

strongly in favor of employee status because Plaintiffs averaged eighteen years of tenure under contracts of indefinite duration. . . I agree, and Farm Bureau doesn't argue otherwise.") (citations omitted).

### 6. Whether Plaintiff was Integral to Defendants' Business.

Plaintiff also identifies a final factor—how integral was the alleged employee to the alleged employer's business. ECF 125 at 25. Aside from referencing it in title to the final factor, Defendants did not separately address whether Plaintiff was integral to Defendants' business. ECF 148 at 14. Plaintiff notes that Agency Managers like Plaintiff are critical to attracting and servicing new customers, and without which, Defendants would only have eleven people overseeing in excess of seven-hundred agents in one-hundred-forty agencies. *Id*. Defendants failed to address this specific point.

As this Court held in *Ferguson*, this factor strongly favors Plaintiff's status as an employee. The Fifth Circuit recently supported the use of this factor. *Hobbs*, 946 F.3d at 836 (5th Cir. 2020) (finding this factor neutral when defendant only recently began providing plaintiffs' services in response to a customer's request). As noted by Plaintiff, Agency Managers are critical to attracting and servicing insurance customers. ECF 90-1 at 72 ("Q. Is it the only way that Farm Bureau does sell insurance? A. It is."), at 252 ("Are agency managers critical to Farm Bureau's business model? [objection] A. I would say that it's a very, very important role, yes."), at 350 (Q. (By Mr. Cook) You agree with me that agents and agency managers are critical to the Farm Bureau -- Texas Farm Bureau and Southern Farm Bureau's business? A. Yes. Q. And a person cannot get a Texas Farm Bureau property and casualty policy or Southern Farm Bureau life policy unless they're working through an agent and agency -- or an agency manager? A. We operate under an agent delivery system, yes. Q. Okay. So my statement was true? A. Yes.).

Unlike *Hobbs*, where the employees were only recently added and their skill—welding—was only needed on forty percent of projects, managing agents like Plaintiff are required for Defendants' business to operate. Thus, as in *Ferguson*, the Court finds this factor weighs in favor of employee status.

### III.    CONCLUSION

As all of the factors favor finding an employee relationship under this Circuit's precedence, this Court **DENIES** Defendants' Motion for Summary Judgement (ECF No. 103) and **GRANTS** Plaintiff's Motion (ECF No. 108).

SIGNED this 12th day of May, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE