UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JERRY MERRITT, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS FARM BUREAU, TEXAS | § | |
| FARM BUREAU BUSINESS CORPO- | § | |
| RATION,  TEXAS FARM BUREAU | § | **CIVIL NO. W-19-CV-00679-DTG** |
| CASUALTY INSURANCE COMPANY, | § | |
| TEXAS FARM BUREAU MUTUAL | § | |
| INSURANCE COMPANY,  TEXAS | § | |
| FARM BUREAU UNDERWRITERS, | § | |
| FARM BUREAU COUNTY MUTUAL | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| SOUTHERN FARM BUREAU LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| **Defendants.** | | |

**ORDER ON SUMMARY JUDGMENT MOTIONS PERTAINING TO 29 U.S.C. §207(i)**

Before the Court are competing summary judgment motions concerning the applicability of the exemption codified in the Fair Labor Standards Act (FLSA) as 29 U.S.C. §207(i): Plaintiffs call it the "retail exemption" (ECF No. 93 at 1); Defendants refer to it as the "commission exemption" (ECF 97 at 1)[1]. Defendants filed a Motion for Final Summary Judgment Based on the Commission Exemption (ECF No. 97) and Plaintiff filed a Motion for Partial Summary Judgment on the Retail Exemption (ECF No. 93).[2] The Court held oral argument on the motions

---

[1]  The Fifth Circuit has recently referred to Section 207(i) as the "bona fide commission exemption." *Taylor v. HD and Associates, L.L.C.*, 45 F.4th 833 (5th Cir. 2022) and the "Retail or Service Establishment Exemption." *Leal v. Magic Touch Up, Inc*., 855 F. App'x 924, 928 (5th Cir. 2021). The Seventh Circuit has referred to it as the "commission exemption" and "commission exception." *Alvarado v. Corp. Cleaning Servs., Inc.*, 782 F.3d 365, 369-70 (7th Cir. 2015). Semantics aside, Section 207(i)'s elements are unambiguous.

[2] The parties duplicate and incorporate by reference the same arguments in both sets of briefing. As a result, the Court will often only cite one set of briefing, but the Court's reasoning applies equally to both motions.

on April 26, 2023 (ECF No. 163) where the parties both stated on the record there were no mate-

rial issues of fact in dispute. Thus, this issue is ripe for determination as a matter of law. After

carefully considering the relevant law, the extensive briefing on the matter, and the arguments

made at the hearing, the Court (for the reasons below) **GRANTS** Plaintiff's Motion for Partial

Summary Judgment (ECF No. 93) and **DENIES** Defendant's Motion for Summary Judgment

(ECF No. 97).

## I.    RELEVANT FACTUAL BACKGROUND

`      Plaintiff Jerry Merritt contracted to serve as Agency Manager ("AM") of Texas Farm Bu-

reau (TFB) agencies covering Grimes and Brazos Counties to manage a multiline insurance

agency selling insurance products. ECF No. 97 at 1, 4. The Agencies offered a wide variety of

consumer insurance products underwritten by the Defendant insurance companies[3], such as

property, automobile, homeowners, and life insurance, and brokerage products issued by other

companies. *Id*. at 4. Before a person can qualify for a TFB insurance policy, there is a "member-

ship requirement to be a member of the Farm Bureau's nonprofit arm." ECF No.93 at 2 n. 6.

While the parties dispute the effect of this membership (as discussed below), there is no dispute

that the membership element exists. TFB provided a declaration from Gary Wood, a District

Sales Manager that the TFB "marketed, offered, and sold insurance policies… on a retail basis to

consumers and members of the general public." ECF 101-2 at ¶14. Defendant also cites portions

of Merritt's deposition where he refers to having responsibilities over "stores" and being the

"store manager." Once a member submits an insurance application, the Farm Bureau must evalu-

---

[3] The four TFB Defendant Insurance Companies are: Texas Farm Bureau Casualty Insurance
Company, Texas Farm Bureau Mutual Insurance Company, Texas Farm Bureau Underwriters,
and Farm Bureau County Mutual Insurance Company of Texas.

ate and determine whether to issue a policy. ECF No. 93 at 3. Farm Bureau has the right to reject applicants and has exercised that right. *Id.*

## II.    LEGAL STANDARD

The familiar standard for summary judgment applies here. A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Meadaa v. K.A.P. Enterprises, L.L.C.,* 756 F.3d 875, 880 (5th Cir. 2014). "Substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

In seeking summary judgment, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial. *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc*., 738 F.3d 703, 706 (5th Cir. 2013) (*quoting Allen v. Rapides Par. Sch. Bd*., 204 F.3d 619, 621 (5th Cir. 2000)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012).

In *Encino Motorcars v. Navarro*, 138 S. Ct. 1134, 1142 (2018), the U.S. Supreme Court overruled longstanding precedent holding that exemptions under the FLSA should be narrowly construed. The Court held that there was "no reason" to give FLSA exemptions a narrow construction; rather, that they should be given a "fair reading." *Id*. Accordingly, this Court is to ap-

ply a "fair reading" standard to all exemptions to the FLSA, including the 29 U.S.C. §207(i) addressed here.

### III.    THE 29 U.S.C. §207(i) EXEMPTION

Section 7(i) of the FLSA exempts from its overtime pay requirement certain commissioned employees of a "retail or service establishment." *See* 29 U.S.C. § 207(i). The exemption provides as follows:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C. § 207(i).

Therefore, for the Section 7(i) exemption to apply, three statutory requirements must be met: (1) the employee must be employed by a retail or service establishment; (2) the employee's regular rate of pay must be more than 1.5 times the applicable minimum wage; and (3) more than half of the employee's compensation for a representative period (not less than 1 month) must represent commissions on goods or services. *Leal v. Magic Touch Up, Inc.*, 855 Fed. App'x 924, 928 (5th Cir. 2021). The employer bears the burden to show by a preponderance of the evidence that an employee is exempt. *Faludi v. U.S. Shale Sols., L.L.C.*, 950 F.3d 269, 273 (5th Cir. 2020).

The parties here agree that the second two elements are satisfied— that (i) Merritt's "regular rate of pay" exceeded "one and one-half times the minimum hourly rate," and (ii) "more than half of his compensation … represents commissions on goods or services." 29 U.S.C. §

207(i). ECF No. 147 at 1, ECF No. 93 at 4. The parties dispute, however, whether Farm Bureau's insurance businesses are retail establishments with a retail concept. *Id.*

     a.   <u>Retail or Service Establishment</u>

A "retail or service establishment" is not a term defined in the current statute, however, Congress had defined this term in a different section –§ 213(a)(2)—the former intrastate businesses exemption—to "mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or both) is not for resale and is recognized as retail sales or services in the particular industry[.]" *See* Fair Labor Standards Amendments of 1961, Pub. L. 87-30, § 6, 75 Stat. 65, 69-70 (1961). "Although Congress repealed § 213(a)(2) in 1989, § 3(c)(1), 103 Stat. 939 (1989), courts continue to apply § 213(a)(2)'s definition of retail or service establishment to the commissioned work exemption. *Diggs v. Ovation Credit Servs., Inc*., 449 F. Supp. 3d 1280, 1286 (M.D. Fla. 2020) (collecting cases) (internal citation omitted). Within the Western District of Texas, Judge Ezra has approved of this approach. *Casanova v. Gold's Texas Holdings Grp., Inc*., No. 5:13-CV-1 161-DAE, 2016 WL 1241548, at *4 (W.D. Tex. Mar. 23, 2016) ("To determine whether an employer is a 'retail or service establishment' for purposes of the § 207(i) exemption, courts look to the former statutory definition in Section 13(a)(2) of the FLSA, codified as 29 U.S.C. § 213(a)(2) (repealed 1989).").

     The parties do not dispute that the FLSA defines "goods" to include insurance. *See* 29 C.F.R. § 776.20(b). "Insurance policies are 'goods' within the meaning of the Act." Instead, the parties vehemently disagree as to whether insurance is "recognized as retail."

     b.   <u>Recognition as Retail in Industry</u>

To determine whether defendants' businesses are recognized as retail, "courts have fashioned another two-prong test based on DOL regulations: (1) the establishment must be part of an

industry in which there is a 'retail concept'; and (2) the establishment's services must be recognized as retail in that particular industry." *Johnson v. Wave Comm GR LLC*, 4 F. Supp. 3d 423, 436 (N.D.N.Y. 2014) (*citing* 29 C.F.R. §§ 779.316, .322). The first prong must be satisfied before moving onto the second. *Brennan v. Great Am. Disc. & Credit Co*., 477 F.2d 292, 295 (5th Cir. 1973) (nothing the District Court must analyze "the threshold 'retail concept' test which a business must first meet before the industry characterization of its sales can be considered.")

Both prongs are ultimately questions of law for the Court. *See Johnson v. Wave Comm GR LLC,* 4 F. Supp. 3d 423, 436 (N.D.N.Y. 2014) ("Although the FLSA's language references recognition within the applicable industry, the Supreme Court has held that the question of whether a defendant's business is recognized as retail is determined by the court"") (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 204-05, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966)); *Rodriguez v. Home Heroes, LLC,* No. 8:13-CV-2711-T-26AEP, 2015 WL 668009, at *7 (M.D. Fla. Feb. 17, 2015) ("After passing the initial hurdle of determining the existence of retail concept, discerning the meaning of 'retail' with respect to the particular industry *remains with the courts* and not the defendant or the defendant's industry.") (emphasis added).

c.  Retail Concept

Until May 2020, the DOL had published two non-exhaustive "partial lists" of establishments that in DOL's view (1) lacked a "retail concept" and therefore could not rely on the Commission Exemption, and (2) those that *may be* recognized as retail. 29 C.F.R. § 779.317 & 779.320 (now repealed). Establishments on the first list included the following: "Insurance; mutual, stock and fraternal benefit, including insurance brokers, agents, and claims adjustment offices." 29 C.F.R. § 779.317 (repealed). But on May 19, 2020, the DOL released a new final rule that withdrew both lists in an effort "to promote consistent treatment across all industries and

reduce confusion when determining eligibility for" the exemption. 85 Fed. Reg. No. 97, at 29,867-29,870 (May 19, 2020). The 2020 Rule (as Defendants refer to it) also "permits the reevaluation of an industry's retail nature as developments progress over time," and states that "[e]stablishments which had been listed as lacking a retail concept may now assert … that they have a retail concept and may be able to qualify as retail or service establishments." Defendants view this rule as allowing "all establishments in all industries" to qualify for this exemption provided that they meet the other statutory requirements. ECF No. 97 at 3 (internal quotations omitted). With that belief, shortly after the repeal of § 779.317, Defendants filed their Answers in this Court raising § 207(i) as an affirmative defense. *Id.*

There is no bright-line test for determining whether a retail concept exists and "instead a case by case approach is in order with the referents being common sense and common parlance." *Casanova v. Gold's Texas Holdings Grp., Inc.,* No. 5:13-CV-1 161-DAE, 2016 WL 1241548, at *4 (W.D. Tex. Mar. 23, 2016) (internal quotation omitted). Courts have struggled with the idea of a retail concept. "Determination of whether a business fits the retail concept is not without difficulty." *Brennan v. Great Am. Disc. & Credit Co.,* 477 F.2d 292, 296 (5th Cir. 1973). The DOL has set forward indicia of a "retail concept" in 29 C.F.R. § 779.318(a):

> Typically a retail or service establishment is one which **sells goods or services to the general public**. It **serves the everyday needs of the community** in which it is located. The retail or service establishment performs a function in the business organization of the Nation which is at the **very end of the stream of distribution**, disposing in **small quantities of the products and skills** of such organization and **does not take part in the manufacturing process** ... It provides the general public its repair services and other services for the comfort and convenience of such public in the course of its daily living. Illustrative of such establishments are: Grocery stores, hardware stores, clothing stores, coal dealers, furniture stores, restaurants, hotels, watch repair establishments, barber shops, and other such local establishments.

29 C.F.R. § 779.318 (emphasis added).

Although courts are not bound by the DOL's interpretive bulletins, they do provide guidance because they reflect the position of those most experienced with the application of the Act. *Parker v. ABC Debt Relief Co.*, No. 3:10-CV-1332-P, 2013 WL 371573, at *9 (N.D. Tex. 2013). Along with § 779.318, Plaintiffs rely heavily on § 779.316 (both of which are still in effect), which states that "[t]he term 'retail' is alien to some businesses or operations. For example, transactions of an *insurance company* are not ordinarily thought of as retail transactions. . . . As to establishments of such businesses, therefore, a concept of retail selling or servicing does not exist." (emphasis added).

Plaintiffs argue this regulation is "dispositive" and "settles the matter explicitly." ECF No. 93 at 2, 4. Plaintiff further contends that even if the Court *were* to find that the insurance industry has a retail concept, Defendants would still fail to show a retail concept because it does not sell goods and services to the general public. ECF No. 93 at 10. Plaintiff posits that the Defendants exclusively offer policies to members of their "related nonprofit organization" and not to the general insurance buying public. *Id.* Finally, Plaintiffs claim that not every person could buy Farm Bureau insurance even if they wanted to, because one must first submit an application, and determine whether Farm Bureau "wants to do business with this person." ECF No. 93 at 12. Plaintiff claims this is unlike a general store, that does business with anyone who can walk in; instead, it "does business with a select group who meet its business criteria." *Id.*

Defendants for their part argue that the withdrawal and elimination of industries from § 779.317's list of establishments that DOL previously deemed to lack a "retail concept" (such as "insurance") broadened the pool of establishments that could benefit from the exemption. ECF No. 122 at 13. Defendants claim that reliance on § 779.316 is improper because it is a "50-year

old regulation"[4] that relates only to the since-repealed intrastate business exemption in Section 213(a)(2), and conflicts with (and is thus "nullified" by) the 2020 Rule. ECF No. 122 at 13-14.[5] Defendants instead rely heavily on a Seventh Circuit case in which Judge Posner questioned whether § 213(a)(2) should be applied to § 207(i). ECF No. 97 at 13 n. 14. *See Alvarado v. Corp. Cleaning Services, Inc*., 782 F.3d 365, 369-70 (7th Cir. 2015) ("Section 213(a)(2) is an exemption for intrastate businesses from the [FLSA's] overtime and wage requirements. Although two congressional reports discussing the amendment that added the commission exemption to the Act said that "retail or service establishment" is defined in section 213(a)(2)..., the reports are not the law and don't explain why a definition meant for the intrastate business exemption should also apply to the commission exemption; the two provisions serve different purposes.").

## IV.   DISCUSSION

For the reasons that follow and applying the above framework to this case, the Court is of the view that Defendants' arguments lack merit as matters of law and the insurance industry lacks a retail concept.

*First*, the controlling Supreme Court case on the term "retail or service establishment" excludes insurance. In 1959, the Supreme Court concluded that a personal loan company and "other financial institutions" including banks, *insurance companies*, and credit companies were not "retail or service establishments" under Section 13(a)(2) because "there is no concept of retail selling or servicing in these industries. Where it was intended that such businesses have an

---

[4] In multiple locations, Defendant refers to § 779.316 as being woefully outdated, yet Defendant's expert on this topic cites only *one* reference in his declaration—a nearly 30-year-old book (from 1994) that purports to show that the insurance industry has a supposed retail concept. ECF 101-6 at 8.

[5] Interestingly, Defendant argues that "[i]n any event, if the 1970 guidance in § 779.316 *ever had any vitality*, the 2020 Rule, as the more recent rule, nullifies it to the extent of any conflict." ECF No. 12 at 14. Yet, in the next breath, Defendants want this Court to follow the very next active regulation (§ 779.318). Defendants cannot have it both ways—follow the regulations in its favor, while disparaging ing those that aren't. The Court notes that § 779.316 still exists, and to the extend the DOL wants to withdraw it, it may do so.

exemption one was specifically provided by the law" *Mitchell v. Kentucky Fin. Co.*, 359 U.S. 290, 295, 79 S.Ct. 756, 3 L.Ed.2d 815 (1959). There has been "no change in the controlling law" and "[a]lthough the DOL recently withdrew 29 C.F.R. § 779.317, the definition of 'retail or service establishment' remains the same. *Mitchell* and its progeny govern whether companies [] qualify as a retail or service establishment." *Charbonneau v. Mortg. Lenders of Am., LLC*, No. 18-2062-HLT-ADM, 2020 WL 4334981, at *4 (D. Kan. July 28, 2020).

*Second*, all the cases that have ruled on whether insurance has a retail concept (albeit pre-2020) have determined one does not exist. *Parks v. Eastwood Ins. Servs., Inc.*, No. SACV02-507GLTMLGX, 2003 WL 25682287, at *3 (C.D. Cal. Feb. 24, 2003) ("Supreme Court precedent and Department regulation provide the sale of insurance can never qualify as retail"); *see also Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 628 (11th Cir. 2004); *Burden v. SelectQuote Ins. Servs.*, 848 F. Supp. 2d 1075, 1085 (N.D. Cal. 2012). Notably. both *Parks* and *Burden* Courts were asked in the alternative to decline to apply § 779.317 and nonetheless, both Courts found a retail concept lacking.

*Finally*, using common sense and common parlance, this Court finds it hard to fathom a retail concept in Defendants' insurance businesses. Section 779.414 lists examples of employees that "Section 7(i) was enacted to relieve":

> These employees are generally employed in so-called "big ticket" departments and those establishments or parts of establishments where commission methods of payment traditionally have been used, typically those dealing in furniture, bedding and home furnishings, floor covering, draperies, major appliances, musical instruments, radios and television, men's clothing, women's ready to wear, shoes, corsets, home insulation, and various home custom orders.
> 29 C.F.R. § 779.414.

This list is of course non-exhaustive and focuses on traditional retailing, but even giving Defendants the "fair reading" of this exemption that they are entitled to, the Court does not un-

derstand where Plaintiff would fit into this scheme. It is no surprise, then, that Defendants' expert must shoehorn their business model to fit the regulatory framework by, *among other things*, making statements like "life insurance and annuity products would be *designed and "manufactured"* by SFB Life at its home office in Jackson, Mississippi." ECF No. 101-6 at 8.  Insurance policies are not designed and manufactured. Statements like this strain credulity and only highlight the acrobatics that Defendant request that this Court engage in. The controlling caselaw and regulations simply do not support the finding of a retail concept.

## V.    CONCLUSION

The Court determines that Defendant is not a "retail establishment" as a matter of law under the present interpretation of 29 U.S.C. § 207(i), and is not exempt from FLSA overtime wage requirements on that basis.

SIGNED this 16th day of May, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE